Michael A. Simmrin (238092)
Simmrin Law Group
3500 W. Olive Avenue, Suite 300
Burbank, CA 91505
Tel.: (818) 827-7171
michael@simmrinlawgroup.com
Debi F. Chalik, Esq. (Admitted Pro Hac Vice) (Florida Bar No. 179566)
CHALIK & CHALIK, P.A.
10063 N.W. 1st Court
Plantation, Florida 33324
Tel.: (954) 476-1000
Fax: (954) 472-1173
Debi@Chaliklaw.com
Litigation@Chaliklaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES

| | |
|---|---|
| SUSAN CRAWFORD and SUSAN RANDOLPH,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCESS CRUISE LINES, LTD.<br><br>Defendant. | CASE NO.: 2:20-CV-05546-RGK-SK<br><br>**PLAINTIFF SUSAN RANDOLPH'S RESPONSES TO DEFENDANT, PRINCESS CRUISE LINE LTD'S INTERROGATORIES**<br><br>Judge: Hon. R. Gary Klausner<br><br>Magistrate: Hon. Steve Kim<br>Filed: 6/23/20 |

PROUPOUNDING PARTY: Defendant, PRINCESS CRUISE LINES, LTD.

RESPONDING PARTY: Plaintiff, SUSAN RANDOLPH

SET NO: ONE (1)

REQUESTS NOS.: 1-18

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**

Identify all facts, documents and witnesses you contend establish that Defendant had notice (whether actual or constructive) that COVID-19 was present on the Subject Vessel at any time prior to or during your voyage. For each witness identified in response to this interrogatory, provide the witness's name and contact information (including address, telephone, and email address).

**RESPONSE TO INTERROGATORY NO. 1**

**https://www.bloomberg.com/features/2020-carnival-cruise-coronavirus/**

**https://www.usatoday.com/story/travel/cruises/2020/03/10/coronavirus-grand-princess-disembarking-california-updates-caribbean/5008565002/**

**https://sanfrancisco.cbslocal.com/2020/03/10/coronavirus-update-grand-princess-impatience-grows-among-passengers-still-aboard-evacuees-spend-night-at-travis/**

**INTERROGATORY NO. 2**

If you contend that Defendant was required to warn you about the potential for exposure to COVID-19 prior to your boarding the Subject Vessel or during the sailing of the cruise referenced in the Complaint, identify the specific warning(s) you contend Defendant should have given including how and when said warning(s) should have been communicated to you.

**RESPONSE TO INTERROGATORY NO. 2**

**Defendant should have warned us prior to boarding by email that there was a risk of COVID-19 spreading. Once Defendant learned of a passenger**

2

**reporting symptoms of COVID-19 on board and on the prior voyage, it should have been communicated to me in every way possible, including announcement over the speaker, written notifications and by email.**

**INTERROGATORY NO. 3**

Describe how you contracted COVID-19. Include in your answer all facts in your possession regarding the date, time, location, and method of transmission.

**RESPONSE TO INTERROGATORY NO. 3**

**I believe I was exposed to the virus on the ship, since it had been spreading since the first passenger came down with the symptoms. There is a 14 day incubation period, so sometime between February 21, 2020 until I disembarked, I caught the virus onboard and came down with symptoms on March 8, 2020. The virus spreads through droplets from an infected individual, including to a lesser extent, contaminated surface.**

**INTERROGATORY NO. 4**

Describe your symptoms that you attribute to COVID-19, including a description of each symptom, the date and time when each began, the duration and severity of each, and when/if you sought or received medical attention for such symptom(s).

**RESPONSE TO INTERROGATORY NO. 4**

**I experienced extreme fatigue beginning on February 28, 2020 with muscle aches, headache, and stomach pain and generally feeling unwell. I did not receive medical care. My symptoms lasted two weeks and to date, I still experience fatigue.**

**INTERROGATORY NO. 5**

Identify any and all COVID-19 tests you have taken from January 1, 2020 through present. For each responsive test, include the date of the test, the specific type of test taken, the results of the test, the date you received the results of the test, and the Health Care Provider which administered the test.

3

**RESPONSE TO INTERROGATORY NO. 5**

**I took a COVID-19 test March 15, 2020 at a lab in the Lakeland Texas Air Force Base. I received a positive test result on March 21, 2020. A copy has been produced in response to Defendant's Request for Production.**

**INTERROGATORY NO. 6**

If you contend that Defendant should have taken different or additional measures to prevent, detect, or restrict the presence of COVID-19 on the Subject Vessel, identify each such measure and when it should have been implemented.

**RESPONSE TO INTERROGATORY NO. 6**

**There should have been enhanced screening of all passengers and crew prior to boarding. Once a person came down with symptoms and reported this to the ship doctor, that person should have been quarantined and removed at the first available port. There should have been contact tracing to that first individual, and anyone in contact with the first ill passengers should have been examined and monitored for illness.**

**INTERROGATORY NO. 7**

Identify all Health Care Providers which provided any treatment, assessment or testing to you related to COVID-19 or symptoms that you contend were related to COVID-19. For each Health Care Provider identified in response to this interrogatory, include their name and contact information (including address, telephone, and email address).

**RESPONSE TO INTERROGATORY NO. 7**

**I did not undergo any treatment.**

**INTERROGATORY NO. 8**

If you contend that Defendant violated any relevant industry standard, regulation, policy, guideline, or directive (including those relating to COVID-19), identify with specificity each such industry standard, regulation, policy, guideline or directive that you contend was violated by Defendant.

4

**RESPONSE TO INTERROGATORY NO. 8**

**Defendant violated its own standard by failing to conduct any enhanced screening measures prior to boarding. Defendant did not follow the EU's Interim Advice for Preparedness and response to case of Covid-19 published February 20, 2020 which gives precise recommendations on how to conduct contact tracing on a ship and how to manage the passengers and crew members who are suspected to come into contact with a Covid-19 passenger. This document also provides guidance on how to properly screen passengers prior to embarking. Defendant did not conduct any screening on contact tracing in accordance with EU's Interim Advice. Further, Defendant violated Instructional Notice HEA/01/2020 effective Jan 30 2020 which requires Defendant to follow the CDC recommendations for healthcare providers at www.cdc.gov/coronavirus/2019-nCoV/clinical criteria.html, in failing to identify persons under investigation and failing to isolate those persons in the medical center. Defendant also violated the WHO Interim guidance Jan 12, 2020, Clinical management of severe acute respiratory infection when novel coronavirus infection is suspected by failing to identify suspected cases of nCov and failing to implement infection prevention measures. Defendant violated its policy for Routine Acute Respiratory Illness Consultations on Board. Defendant violated its IN HEA/01/2020 with an update date of Feb 6 2020, in that it did not screen its passengers prior to boarding in accordance with this guideline. Defendant violated its policy of Identification, Assessment, and Management of Patients for Coronavirus Disease 2019 in that it failed to manage the onboard cases according to this guideline, as well as failing to prevent and control the spread of infections.**

**INTERROGATORY NO. 9**

Identify all Health Care Providers who have treated you during the ten years preceding the Incident referenced in the Complaint. For each responsive Health Care

Provider, include their name and contact information (including address, telephone, and email address) and the purpose of the treatment sought or received.

**RESPONSE TO INTERROGATORY NO. 9**

**In the ten years preceding the incident, I treated with my family doctor, Dr. Travis Rasor located in Maine Ohio on Monclova Road. I also treated with a psychiatrist, Dr. Katherine located at 725 South Shoop Avenue, Wauseon, Ohio.**

**INTERROGATORY NO. 10**

If you contend that you have lost any income or earning potential as a result of the matters alleged in the Complaint, state the exact amount of such lost income or loss of earning potential, including how such amounts were calculated.

**RESPONSE TO INTERROGATORY NO. 10**

**I lost wages from March 9, 2020 through March 28, 2020 in the amount of $1,831.00**

**INTERROGATORY NO. 11**

Identify all Insurers who paid on your behalf any portion of your medical expenses related to care and/or treatment for the physical or mental injuries that you are alleging in the Complaint or who reimbursed any costs or expenses you incurred as a result of the matters set forth in your Complaint. For each responsive Insurer, include the name, address, telephone number, policy number and dates of coverage. If you are covered by Medicare/Medicaid, please provide your eligibility dates, identification number and HCIN.

**RESPONSE TO INTERROGATORY NO. 11**

**None that I am unaware of.**

**INTERROGATORY NO. 12**

Identify the news sources that you read, listened to or watched in the 60 days prior to the Subject Cruise (including newspapers, magazines, newsletters, periodicals, radio broadcasts, television news programs, podcasts, websites, internet

6

postings, blogs, social media and other news sources).

**RESPONSE TO INTERROGATORY NO. 12**

**My news source was WTOL.**

**INTERROGATORY NO. 13**

Identify all jobs you have held in the past ten years, including the name and address of your employer, your job title, dates of employment, and salary. If you have not worked in the past ten years, please provide the requested information for your last job. (Salary information need not be provided if you are not claiming lost wages or loss of earning capacity in this action.)

**RESPONSE TO INTERROGATORY NO. 13**

**From 1987 through February 2019 I worked for NOCAC as a head start teacher. My wages for 2019 were $4909. From February through June 2019, I worked for Fayette Local School as a temporary lead teacher and my wages were $10131.00. From December 2019 through present, I work for Liberty Center Local and make approximately $140.00 per day. I also run a home day care in which the salary varies daily.**

**INTERROGATORY NO. 14**

Describe each and every occasion when you came into contact with any person (including but not limited to, family members, acquaintances, care takers, strangers, airline passengers, immigration officials, taxi drivers, waiters, shop staff) who to your knowledge or belief either had COVID-19 or exhibited potential symptoms of COVID-19 during the 14 days prior to the date you contracted COVID-19. For each responsive occasion, include the basis for your knowledge or belief that the person had COVID-19 or exhibited symptoms of COVID-19.

**RESPONSE TO INTERROGATORY NO. 14**

**I was unaware of coming into contact with anyone with symptoms, since I was not aware that the virus was on the ship.**

**INTERROGATORY NO. 15**

Describe in detail how you travelled from your home to the Subject Vessel including identifying all modes of transportation, hotels, restaurants and other venues you entered between the time you left your home and the time you embarked the Subject Vessel.

**RESPONSE TO INTERROGATORY NO. 15**

**On February 17, 2020 I drove to Columbus Ohio and flew on February 18, 2020 to San Francisco and stayed in an Airbnb until February 21, 2020. I took an Uber to the port on February 21, 2020 and ate most of my meals in the Airbnb and a few out at restaurants that I do not recall their names. They were located at Fisherman's Warf.**

**INTERROGATORY NO. 16**

Describe in detail what you did in each port of call during the Subject Voyage. If you disembarked the Subject Vessel during a port of call, identify in your answer all modes of transportation you used; all hotels, restaurants, shops, cultural centers, and other venues you entered; and persons you came into contact with during each port call.

**RESPONSE TO INTERROGATORY NO. 16**

**I took a Kayak tour in Kauai, attended a Luau in Honolulu and a shopping tour in Maui all booked through Princess Cruises. In Hilo I did sightseeing.**

**INTERROGATORY NO. 17**

If you are still experiencing any symptom, injury, or disability which you contend is related to COVID-19, describe each and include any medical treatment received for such symptom, injury, or disability.

**RESPONSE TO INTERROGATORY NO. 17**

**I suffer from extreme anxiety due to COVID-19. It was present before I got sick and has worsened since my positive diagnosis.**

8

**INTERROGATORY NO. 18**

Identify all persons who are believed or known by you to have knowledge of the Incident alleged in the Complaint. For each responsive person, include his/her name, address, telephone numbers, and email address, as well as the subject matter about which the witness has knowledge.

**RESPONSE TO INTERROGATORY NO. 18**

**The following individuals have knowledge of the incident, symptoms and damages:**

**Randal Randolph- 450 Eldredge Street, Wauseon, OH 43567**

**Heaven Randolph – 824 Sheridan Avenue, Columbus Ohio**

**Hailey Randolph – 10232 Watts Road, Verona Wisconsin**

**Kenneth & Lucille Nickens – 18 Santus Rd., Rossford Ohio**

**Tryphnia and Steven Kurvivial- US 20 A Wauseon, Ohio 43567**

**In addition to the individuals listed above, the individuals listed in Defendant's initial disclosures have knowledge of my cruise voyage and the outbreak of COVID-19 on board, as well as its course.**

DATED: March 5, 2021

        Michael A. Simmrin
        SIMMRIN LAW GROUP
        3500 W. Olive Avenue, Suite 300
        Burbank, CA 91505
        Tel.: (818) 827-7171
        By *Michael Simmrin*

         MICHAEL A. SIMMRIN
         California Bar No. 238092

        Debi F. Chalik (admitted Pro Hac Vice)
        CHALIK AND CHALIK, P.A.
        Attorneys for Plaintiff
        10063 N. W. 1st Court
        Plantation, Florida 33324
        Tel.: (954) 476-1000

        By *Debi Chalik*
         DEBI F. CHALIK
         Florida Bar No. 179566